859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark ROLLINSON, Carole S. Rollinson, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 87-2692.
 United States Court of Appeals, Fourth Circuit.
 Argued July 6, 1988.
Decided Sept. 9, 1988.
 
 Stephen Joseph Gray (Oppenheimer Wolff & Donnelly on brief) for appellants.
 Michael James Roach (William S. Rose, Jr., Assistant Attorney General, Gary R. Allen, David I. Pincus, Tax Division, Department of Justice on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark and Carole Rollinson appeal the judgment of the United States Tax Court determining a deficiency in their income tax for the taxable year 1981 in the amount of $47,013 and holding that the deficiency was subject to additional interest imposed under 26 U.S.C. Sec. 6621(c).
 
 
 2
 Mark Rollinson, an attorney, and Carole Rollinson, a stockbroker, are husband and wife. For the 1981 taxable year, they anticipated higher than usual income resulting from Mark's receipt of his partnership share in a law firm from which he resigned during that year. They decided to offset a part of the tax consequences by contributing shares in a limited partnership to an educational institution; George Washington University was finally selected. The Internal Revenue Service determined, however, and the tax court agreed, that the Rollinsons, with the cooperation of a close friend who also held shares in the same limited partnership, artificially enhanced the value of the contributed shares. It disallowed a large part of the charitable deduction and imposed an interest penalty under section 6621(c).
 
 
 3
 In 1981 Carole, on the advice of Mark, purchased ten shares of the Chicken George Chicken limited partnership, which operated a fast-food restaurant in the District of Columbia. Carole contributed a total of $50,000, or $5,000 for each limited partnership unit. Dr. Noel Hunt, Carole's client and a close friend of Mark, also purchased ten shares for a total contribution of $50,000. In anticipation of donating four shares to George Washington University, Mark purchased four of Dr. Hunt's shares and gave in exchange a promissory note for $98,000 ($24,500 per unit). Simultaneous with the purchase, Carole executed a "put" agreement wherein Dr. Hunt, in exchange for $1,000, agreed to buy four of Carole's shares for $90,000 at her option. After the George Washington University donation was made, Carole exercised the put and transferred four shares to Dr. Hunt who, in turn, assigned Mark's promissory note to Carole as payment for the shares.
 
 
 4
 The tax court discussed the facts of the transaction in great detail, including the close relationship of the Rollinsons and Dr. Hunt and the various tax consequences to each of them arising out of the transaction. It is not necessary to discuss these findings in any greater detail. Suffice it to say that we agree with the tax court that in the foregoing context, the record clearly reveals that the transactions entered into with Dr. Hunt were merely part of a prearranged scheme to claim an inflated charitable deduction and should therefore be disregarded for tax purposes.
 
 
 5
 We also agree that the Internal Revenue Service correctly assessed increased interest under the provisions of section 6621(c). As the tax court stated:
 
 
 6
 Section 6621(c)(1) provides for an increased rate of interest to be applied 'to any substantial underpayment attributable to tax motivated transactions,' and is applicable with respect to interest accruing after December 31, 1984. Substantial underpayment is defined under section 6621(c)(2) as an underpayment which exceeds $1,000 per year.
 
 
 7
 Included within the definition of 'tax motivated transaction' is 'any valuation overstatement (within the meaning of 6659(c)).' Section 6621(c)(3)(A)(i). Section 6659(c), in turn, provides that there 'is a valuation overstatement if the value of any property, or the adjusted basis of any property, claimed on any return is 150 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be).' "
 
 
 8
 The $98,000 charitable deduction claimed by the petitioners is greater than 150 percent above the $17,714 deduction to which they actually were entitled. Therefore, the tax court properly held that accrued interest was to be computed at the increased rate.
 
 
 9
 The judgment of the tax court is affirmed.
 
 
 10
 AFFIRMED.